### J. S. TROTTER v. TOWN OF FRANKLIN.

(Filed 26 February, 1908).

**Cities and Towns—Streets—Ministerial Duties—Suit by Taxpayer— Power of Court.**

> Matters relating to closing by-streets of a town are of a ministerial character, exclusively within the proper action of the town authorities, and not subject to regulation by the court at the suit of one upon the ground that he is a taxpayer.

CIVIL ACTION, appeal by plaintiff from an order dissolving a restraining order against the town of Franklin, Macon County, heard by *W. R. Allen, J.,* at chambers in Murphy, 13 August, 1906.

The facts sufficiently appear in the opinion of the Court.

*Robertson & Benbow* and *Busbee & Busbee* for plaintiff.
*Jones & Johnston* and *A. W. Horn* for defendant.

CLARK, C. J. The governing body of the town of Franklin consists of a mayor and five aldermen. The plaintiff was one of the aldermen. At a meeting of that body, held 30 April, 1906, it was ordered that Main Street be extended and the extension graded, and that a short by-street which led from the end of Main Street (before it was extended into Palmer Street) be discontinued. It appears from the plat sent up that the extension of Main Street leads into Palmer Street,

thus making, apparently, the former by-street no longer use-
ful.    To the passage of this order the only negative vote was
cast by the plaintiff.    The other aldermen present and the
mayor voted in the affirmative.    Another resolution, as to cer-
tain grading, received one additional negative vote.

The plaintiff, thereupon, in his capacity as taxpayer,
brought a proceeding for an injunction against the town of
Franklin, naming its mayor and aldermen, including (doubt-
less by inadvertence) himself, as codefendants, to prevent the
execution of the aforesaid resolution of the town board.    The
temporary restraining order was dissolved, upon the complaint
and answer, after hearing affidavits filed on both sides, and
the plaintiff appealed.    From the pleadings and affidavits it
does not appear that the plaintiff has any property upon either
the discontinued by-street or upon the extension of Main
Street, but to the contrary, and the whole controversy turns
upon the advisability of the resolution, which the plaintiff
denies, considering the expense, and that the town has hereto-
fore gotten along without the improvement.    The opposite
view, however, obtained with the majority of the board, as we
have seen, and this is, in effect, an effort by the plaintiff to
reverse its action by order of the court.    In this Court he
withdrew his opposition to opening and extending Main
Street, restricting his opposition to the closing up of the by-
street.    But such matters as this are for regulation by the
town authorities.    It may or may not be that the plaintiff is
right as to the best policy for the town, but that may be safely
left to its people.    The plaintiff neither avers nor shows that
his rights will be infringed, otherwise than in the general way
that all taxpayers will be affected by the cost of a public
measure that he believes unnecessary and injudicious.    His
remedy is by an appeal to the citizens to elect a new board
that will be in accord with his own views, and not by an
appeal to the courts, who are not charged with the supervision
of such matters.    *Stratford v. Greensboro,* 124 N. C., 132.

As it is more than probable that the resolution has now, after the lapse of nearly two years, been long since put into effect by extending Main Street and discontinuing the by-street, it is not clear that the plaintiff could save any expense to the town if he could now secure the rescinding of the resolution and a reversion of the streets in question to their former status.

Affirmed.