W. L. MOORE et al. v. B. B. MERONEY and Wife, and TOWN OF
MURPHY.

(Filed 23 December, 1910.)

1. Cities and Towns—Streets—Roads—Corporate Limits—Control.

When a public highway enters an incorporated town, or such
town builds up on one already existent, it usually follows that
the highway, or so much thereof as is within the corporate
limits, comes under the regulation and control of the corporate
authorities as a part of the public streets.

2. Cities and Towns—Streets—Roads—Discontinuance—Legislative
Powers—Compensation.

In the absence of constitutional restraint, the authorities of an
incorporated town have power to vacate or discontinue a street or
public way, but when such street has been once established they
can do so only by legislative sanction expressly given or neces-
sarily implied from powers which are so conferred, and then
compensation must be made to abutting owners whose property
is injured.

3. Cities and Towns—Streets—Roads—Obstructions—Changes—
Abutting Owner—Damages.

When a change is made in its streets, or the street is discon-
tinued by the authorities of an incorporated town by legislative
sanction, a landowner, as a rule, is restricted to a claim for the
damages arising therefrom to him.

4. Cities and Towns—Streets—Roads—Changes—Legislative Au-
thority—Taxpayer—Abutting Owner—Right of Action.

When a change is made in a street by the authorities of an in-
corporated town, with or without legislative sanction, the change
being recognized as valid, and acquiesced in by the general pub-
lic, their action cannot be questioned in a civil suit of a private
citizen by reason of his being a general taxpayer of the town;
but, if maintainable at all, it can only be done by a landowner
whose property is affected by the change, and who will suffer
some peculiar and special injury by reason of it.

5. Cities and Towns—Streets—Roads—Dedication—Conduct—Ratifi-
cation by Public.

The incorporated town of M. altered the course of a portion of
an old State road within its limits and substituted a broad, com-
modious street. At that time C. owned land on both sides of the
old way, and was the only one whose property was affected.
The property of C. abutted on the new street, and he made no

MOORE v. MERONEY.

objection, but by his fencing and other acts openly acquiesced in the change, inclosing the entire property, included the old way and used it as his own. A part of this property was sold and conveyed to plaintiff, who brings his action against the defendant, who bought the other part, to compel him to remove a house he had erected on the old road, and to compel the town to keep the old road open: *Held*, (1) the conduct of C. amounted to a dedication, and precludes plaintiff, who holds his title, and who purchased with knowledge of all the facts, from maintaining his action; (2) as to whether the public would be estopped from questioning the substitution of the new way for the old by a period of acquiescence, *quære*.

6. Cities and Towns—Streets—Roads—Deeds and Conveyances—Recitals—Boundaries—Rededication—Evidence.

The plaintiff in his action seeks to compel defendant to remove as an obstruction a house he had erected in an old public road, within the corporate limits of the town, and the town to keep this road open. At this place the proper authorities of the town had changed the road to a new location, and the acts of plaintiff's grantor, binding upon plaintiff, amounted to a dedication of the new road in substitution of the old one. This new road, at the time, affected only the land of plaintiff's grantor, who was also the grantor to the defendant of the land whereon the obstruction complained of was situated: *Held*, the fact that plaintiff's deed calls for the old road as a boundary was merely a matter of description, being copied from some old deeds made when conditions were different and did not amount to a rededication.

7. Cities and Towns—Streets—Roads — Dedication — Ratification—Limitation of Actions—Evidence.

The principle that an abandonment of a public way cannot be presumed, if at all, from nonuse, for any period short of twenty years, has no application where there has been a positive act of dedication and abandonment on the part of the owner, accepted and acquiesced in by the public.

APPEAL from *Joseph S. Adams, J.,* at Spring Term, 1910, of CHEROKEE.

The principal purpose of the action was to compel the individual defendants, Meroney and wife, to remove the building from an old road, formerly used as a public highway, causing an obstruction to same, etc., and to compel the town of Murphy to keep it open. Defendants denied the obstruction, denied that the road in question was a public way; claimed, further,

that plaintiff on the facts in evidence had no right to relief. Issues were submitted and responded to by the jury as follows:

1. Are the plaintiffs the owners of the land described in the complaint? Answer: Yes.

2. Has the public an easement of a right of way for a public road over the land described in the complaint as the Turnpike Road? Answer: No.

3. Did A. L. Cooper, by his deed in trust to R. L. Cooper, dedicate the land described in the complaint as the Turnpike Road to the public as a roadway? Answer: No.

4. Did A. L. Cooper, by his deed in trust to R. L. Cooper, convey a right of way over the land described in the complaint as the Turnpike Road to R. L. Cooper, trustee, and his assigns? Answer: No.

Judgment on the verdict for defendant, and plaintiff excepted and appealed.

*E. B. Norvell and Dillard & Bell for plaintiff.*
*W. M. Axley and Ben Posey for defendant.*

HOKE, J. In this case there was evidence tending to show that there was formerly an old road through the town of Murphy, N. C., and that it entered the central portion of the town on a slight curve; that some years ago (12 to 18) the town commissioners, whether with or without legislative authority was not shown forth in evidence, altered a portion of this curve and substituted therefor a broad, commodious street, marked on the plat as Valley River Avenue and by which the central portion of the town was reached, this avenue being laid off and extended, the one portion at right angles with the other; that this new way, Valley River Avenue, has since been recognized by the authorities as being in lieu of the old road, and has been accepted by the public and is used by them as a satisfactory substitute for it. It further appeared in evidence that A. L. Cooper at the time owned the land on both sides of the curve where the change took place, and was the only abutting owner whose property was affected, and this property abutted on the new way; that he acquiesced in the change, fencing the property

where the old road ran, building a barn in the road itself and since using the same as his private property, and that later he sold a portion of this land to defendant. The barn built by said Cooper having burned down, defendant improved the property, a part of such improvement being placed where Cooper's barn was, and later Cooper sold the remainder of the property to R. L. Cooper, trustee, who in turn sold and conveyed to plaintiff. At the time of this conveyance the land in question, contained in the deeds, was fenced in and claimed and owned as private property, and the Valley River Avenue was the public way recognized and used by the public instead of the old road. Upon these facts, and they have been so accepted by the jury, we are of opinion that plaintiff has shown no valid claim to the relief which he seeks, to wit, (1) that defendants Meroney and wife be required to remove the buildings from the old road; (2) that the defendant, the town of Murphy, be required to keep said streets at all times open, etc.

When a public highway enters an incorporated town, or such town builds up on one already existent, it usually follows that the highway, or so much of it as is within the corporate limits, comes under the regulation and control of the corporate authorities as a part of the public streets. Elliott on Streets and Roads, secs. 415 and 416. In the absence of constitutional restraint, these authorities may have power to vacate or discontinue a street or public way, but when such street has been once established they can only do so by legislative sanction expressly given or necessarily implied from powers which are so conferred, and then compensation must be made to abutting owners whose property is injured. *Moose v. Carson,* 104 N. C., 431; *Chair Co. v. Henderson,* 121 Ga., 399. When a change of this kind has been made by legislative authority, a landowner, as a rule, is restricted to a claim for damages, and after it has taken place, by the direction of the town government, with or without such authority, the change being recognized as valid and acquiesced in by the general public, its action cannot be questioned in a civil suit of a private citizen by reason of his position as a general taxpayer of the town. Such a suit can

154—11

be maintained, if at all, only by a landowner whose property is affected by the change and which will suffer some peculiar and special injury by reason of it. *Trotter v. Franklin,* 146 N. C., p. 554; *Pedrick v. R. R.,* 143 N. C., 485; *Dodge v. R. R.,* 43 N. J. L., 354; *City v. Union Building Assn.,* 102 Ill., 379. From this, we think, it follows that when a litigant is precluded from bringing his suit, in the only position or right by which it could be successfully maintained, his action must necessarily fail. In the present case, at the time the old road was discontinued and Valley River Avenue substituted, A. L. Cooper owned the land on both sides of the old way, and so far as the evidence discloses, he was the only owner whose property was in any way affected. This property abutted on the new street, and A. L. Cooper not only made no protest, but he openly acquiesced in the change, fencing up the entire property and claiming and using it as his own. He even built his barn in the old road. So far as he was concerned, his conduct amounted to a dedication of the new for the old way, and while matters were in this shape he sold a portion of the land to defendant Meroney, who improved it, placing his building in the precise place where A. L. Cooper's barn had been, and the remaining portion was sold and conveyed to plaintiff, who bought, with full notice of existent conditions. Plaintiff's property was regarded and treated as a back lot when he bought it. The action of A. L. Cooper, his grantor, amounted to a dedication of the new for the old way, and he was undoubtedly precluded from maintaining such a suit as this, and plaintiff, who holds A. L. Cooper's title and can only proceed as such owner, should likewise be precluded. On the facts disclosed, there is high authority for the position that the public would be estopped from questioning the substitution of the new way for the old. *Brockhausen v. Bockland,* 137 Ill., 547; *Lyle v. Lesia,* 64 Mich., 16. But, however this may be, we are clearly of opinion that a private owner should not be heard to complain. This position is in no way affected by the fact that plaintiff's deed calls for the old road as one of the boundaries; the entire facts being fully known and the abandonment of the old and use of the new way being, at the time, recognized and acquiesced in by

plaintiff's grantor and all others, the call of plaintiff's deed referred to was simply intended as a matter of description; it was only a copy from some of the old deeds, made when conditions were different, and did not amount to a rededication. *Church v. Dula,* 148 N. C., 262. There is nothing here said which militates in any way against the decision of *Crump v. Mims,* 64 N. C., 767, a case which only holds that an abandonment of a public way cannot be presumed, if at all, from nonuser, for any period short of twenty years—a position which has no application where the evidence shows a positive act of dedication and abandonment on the part of the owner, accepted and acquiesced in by the public, a distinction recognized in that case and repeatedly affirmed with us. *Tise v. Whitaker,* 146 N. C., 374. There is no error, and the judgment will be affirmed.

No error.