JAMES W. SHAW, ON BEHALF OF HIMSELF AND ALL OTHER INTERESTED TAX-
PAYERS, v. LIGGETT & MYERS TOBACCO COMPANY.

(Filed 5 June, 1946.)

**Municipal Corporations § 25b—**

> A citizen who is a general taxpayer but not a landowner may not main-
> tain a suit to enjoin the closing of a by-street in accordance with authori-
> zation granted by municipal resolution.

APPEAL by plaintiff from *Frizzelle, J.,* at Chambers in Durham, N. C.,
1 May, 1946. From DURHAM.

Civil action instituted by the plaintiff on behalf of himself and all
other interested taxpayers of the City and County of Durham, to restrain
the defendant from erecting a building in and across a portion of Fuller
Street in the City of Durham.

The one block of said street which the defendant proposes to close, is
bounded on the east and on the west by lands belonging to the defendant;
on the north by West Main Street, one of the public streets of the City of
Durham; and on the south by the northerly line of the right of way of
the North Carolina Railroad Company, now leased to the Southern Rail-
way Company.

All owners of property abutting on Fuller Street in the City of Dur-
ham have acquiesced in the proposal to close the one block of said street,
lying at the southern end thereof, and have expressed their approval
either by the execution of quitclaim deeds or by giving their written
consent thereto.

The City Council of the City of Durham, on 18 February, 1946,
passed a resolution authorizing the defendant to close the above described
portion of said street.

From an order dissolving the temporary restraining order issued
against the defendant to enjoin the erection of a building across said
street, plaintiff appeals to the Supreme Court and assigns error.

*W. C. Purcell for plaintiff.*
*Fuller, Reade, Umstead & Fuller for defendant.*

DENNY, J. It was admitted in the oral argument before this Court
that the plaintiff has no interest in the subject matter of this action,
except as an interested taxpayer of the City and County of Durham.

The action of a city or town in authorizing the closing of a street,
cannot be successfully challenged in a civil suit instituted by a private
citizen whose only interest therein is that of a general taxpayer of the

city or town. Such action, if maintainable at all, must be instituted by a landowner whose property is affected by the change, and who will suffer some peculiar and special injury by reason of it; an injury not suffered by the public generally. *Moore v. Meroney,* 154 N. C., 158, 69 S. E., 838; *Trotter v. Franklin,* 146 N. C., 554, 60 S. E., 509; *Pedrick v. R. R.,* 143 N. C., 485, 55 S. E., 877. *Cf. Stratford v. Greensboro,* 124 N. C., 127, 32 S. E., 394; *Sanders v. R. R.,* 216 N. C., 312, 4 S. E. (2d), 902; and *Sanders v. Smithfield,* 221 N. C., 166, 19 S. E. (2d), 630.

In *Trotter v. Franklin, supra,* the appeal was from an order dissolving a restraining order theretofore issued at the instance of the plaintiff, a taxpayer of the Town of Franklin, to prevent the town authorities from closing a street on which the plaintiff owned no property. The holding of this Court is succinctly stated in the syllabus of the opinion, as follows: "Matters relating to closing by-streets of a town are of a ministerial character, exclusively within the proper action of the town authorities, and not subject to regulation by the court at the suit of one upon the ground that he is a taxpayer."

It appears from the record herein that all persons, firms and corporations, now having any interest in property fronting on Fuller Street, in the City of Durham, have given their written consent to the closing of that part of the street which the defendant proposes to close. Therefore, for the reason herein stated, the order dissolving the temporary restraining order will be upheld.

Affirmed.