NO. COA13-1222

NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

DAVID R. COX
     Plaintiff,

     v.                               Pamlico County
                                      No. 12 CVS 121
TOWN OF ORIENTAL and BOARD OF
COMMISSIONERS OF THE TOWN OF
ORIENTAL,
     Defendants.


     Appeal by Plaintiff from Orders entered 10 April 2013 by
Judge Benjamin G. Alford in Pamlico County Superior Court. Heard
in the Court of Appeals 23 April 2014.


     *McCotter Ashton, P.A., by Rudolph A. Ashton, III and Kirby
     H. Smith, III, for Plaintiff.*

     *Davis Hartman Wright, PLLC, by Michael Scott Davis and I.
     Clark Wright, Jr., for Defendants.*


     STEPHENS, Judge.


                    *Procedural History and Factual Background*

     This case arises from the decision of the Town of Oriental
and its Board of Commissioners (collectively, "Defendants") to
permanently close Avenue A and a portion of South Avenue, public
rights of way in the Town. On 2 August 2012, Plaintiff David R.
Cox filed an appeal from the Town ordinance vacating Avenue A

and an action for declaratory judgment in Pamlico County Superior Court.[1] In his appeal and action, Plaintiff alleged the following relevant facts:

The Town sits on the Neuse River. On 13 January 2012, the Board met to consider "the possibilities of sale or exchange of property in the vicinity of the [W]est end terminus of South Avenue and Avenue A." South Avenue and Avenue A are situated on a peninsula that borders the Neuse River on the South and a tributary called Raccoon Creek on the West. Raccoon Creek is the location of the Town's harbor.

Chris Fulcher wrote to the Town Manager on 23 January 2012 and proposed to exchange a portion of his property on the Raccoon Creek side of the peninsula ("the Raccoon Creek property") for the Town's interest in Avenue A and the South Avenue terminus. Fulcher owns all property on either side of Avenue A and the South Avenue terminus. The Board voted to accept the proposal on 10 February 2012 and executed a contract on 23 May 2012. The contract indicated that the transfer would

---

[1] According to Plaintiff's 2 August 2012 appeal and action, the ordinance operated to vacate only Avenue A, not the relevant portion of South Avenue. Plaintiff alleges that he was required to file this action before the Town completed the closing process, however, because of certain procedural restrictions. Thus, this appeal is effective only as it relates to the Town's closure of Avenue A, not the relevant portion of South Avenue.

not occur if the Board determined that it was not in the Town's best interests. On 3 July 2012, the Board voted to close Avenue A. The Board declined to vacate the South Avenue terminus at that time.

Plaintiff is a "taxpaying resident[] of the Town" and owns property approximately three blocks North of Avenue A and the South Avenue terminus. Plaintiff's property does not touch Avenue A, South Avenue, or the Raccoon Creek property. On 2 August 2012, Plaintiff appealed the Board's decision to close Avenue A and sought a declaratory judgment regarding the Town's authority to close either Avenue A or the South Avenue terminus. Plaintiff filed an amendment to that action on 4 September 2012, seeking to add the Board as a party to the action and seeking "injunctive and/or declaratory relief" for a number of alleged open meetings and public records violations. Defendants responded with an answer and affirmative defenses on 2 October 2012. Four months later, on 11 February 2013, Defendants filed motions to dismiss Plaintiff's "appeal, action for declaratory judgment, and amendment," or, in the alternative, for judgment on the pleadings.

A hearing on the motions was held on 4 March 2013. During the hearing, Defendants argued that Plaintiff lacked standing to

bring his suit. Afterward, on 10 April 2013, the trial court entered orders dismissing Plaintiff's appeal of the Board's decision to close Avenue A and granting Defendants' motions to dismiss the declaratory action and for judgment on the pleadings.[2] Plaintiff appeals to this Court from those orders.

*Discussion*

On appeal, Plaintiff argues that he (1) stated grounds to support a declaratory judgment in his action, (2) had a statutory right to appeal the Town's decision to vacate Avenue A, and (3) had a right to have his open meetings and public records claims heard. In response, Defendants argue that the trial court properly dismissed Plaintiff's action because Plaintiff lacked standing to file suit and failed to state a claim upon which relief could be granted. We affirm the trial court's orders.

*I. Plaintiff's Reply Brief*

As a preliminary matter, we address the propriety of Plaintiff's reply brief, filed 20 March 2014. On 3 April 2014,

---

[2] The Town closed the South Avenue terminus on 8 July 2013. As a result, Plaintiff filed a second lawsuit against the Town and the Board, appealing the closure of the South Avenue terminus. That suit has not been appealed to this Court. Rather, the trial court stayed the proceedings on that action until this appeal could be resolved.

Defendants moved this Court for leave to file a surreply brief or, in the alternative, for oral argument, contending that Plaintiff's reply brief was improper. A proposed surreply brief was attached. Plaintiff filed a response on 8 April 2014, objecting to the motion. On 16 April 2014, we granted Defendants' motion for leave to file a surreply brief, accepting the proposed surreply brief for that purpose, and denied the motion for oral argument. No additional documents have been filed with this Court.

Plaintiff asserts that his reply brief is submitted pursuant to Rule 28(h) and "limited to a concise rebuttal of the arguments . . . contained in [Defendants' b]rief." In his reply brief, Plaintiff seeks to rebut Defendants' contentions that he (1) lacked standing to file suit and (2) failed to state a claim upon which relief could be granted. Given the contents of Plaintiff's principal brief, this discussion violates Rule 28(h) of the North Carolina Rules of Appellate Procedure.

Rule 28(h) states, in pertinent part, that:

> . . . Any reply brief which an appellant elects to file shall be limited to a concise rebuttal of arguments set out in the appellee's brief and *shall not reiterate arguments set forth in the appellant's principal brief.* . . .

N.C.R. App. P. 28(h) (emphasis added). In his principal brief, Plaintiff argues that he stated a claim for which relief could be granted under Rule 12(b)(6). He also argues that he had standing to appeal the Town's decision as a "person aggrieved" under N.C. Gen. Stat. § 160A-299 and as a successor in interest to "these public rights of way." Plaintiff's standing argument is less detailed than his 12(b)(6) argument, but clearly supported by authority and reason nonetheless.

As we have previously noted, "[a] reply brief does not serve as a way to correct deficiencies in the principal brief." *State v. Greene*, __ N.C. App. __, 753 S.E.2d 397 (2013) (unpublished opinion), *available at* 2013 WL 5947337 (striking the defendant's reply brief under amended Rule 28(h) because he "merely expand[ed] upon the alleged error raised in his principal brief").[3] Plaintiff addressed Rule 12(b)(6) and the standing issue in his principal brief. In addition, standing was raised numerous times by Defendants' counsel during the 4 March 2013 hearing on Defendants' motions to dismiss. If Plaintiff wished to address these issues in greater detail, he should have

---

[3] *Greene* is an unpublished opinion and, therefore, lacks precedential value. N.C.R. App. P. 30(e)(1). Nonetheless, its discussion is well-reasoned and one of the only opinions to address Rule 28(h) as amended (effective 15 April 2013). We find it persuasive.

done so in his principal brief. Accordingly, we decline to consider Plaintiff's reply brief and, thus, have no reason to consider Defendants' surreply brief.

*II. Standing*

Defendants contend that the trial court properly dismissed Plaintiff's appeal and action for declaratory judgment because Plaintiff lacked standing to bring those actions. Because standing is jurisdictional, we address Defendants' argument as a threshold matter. *See, e.g.*, *In re Miller*, 162 N.C. App. 355, 357, 590 S.E.2d 864, 865 (2004) ("Standing is jurisdictional in nature and consequently, standing is a threshold issue that must be addressed, and found to exist, before the merits of the case are judicially resolved.") (citations, internal quotation marks, and brackets omitted). After a thorough review of the record, we conclude that the trial court properly dismissed Plaintiff's actions for lack of standing.

Section 160A-299 provides in pertinent part that:

> (b) Any person aggrieved by the closing of any street or alley . . . may appeal the . . . order to the General Court of Justice within 30 days after its adoption. . . .

N.C. Gen. Stat. § 160A-299(b) (2013). The term "person aggrieved" as it applies to section 160A-299 is not defined in the statute or by our courts. *See id.* Nonetheless, this Court

has defined an "aggrieved party" under section 160A and in the context of a zoning ordinance as "one who can either show an interest in the property affected, or if the party is a nearby property owner, some special damage, distinct from the rest of the community, amounting to a reduction in the value of his property." *In re Granting of Variance by Town of Franklin*, 131 N.C. App. 846, 849, 508 S.E.2d 841, 843 (1998) (citation omitted) (noting that the petitioner, an adjoining property owner, "clearly established" that she was an aggrieved party when the town granted a variance from the setback requirements to a group called "Carriage Park Villas"). We believe the same definition is applicable here. *See generally In re Hayes*, 199 N.C. App. 69, 78–79, 681 S.E.2d 395, 401 (2009) ("The primary rule of [statutory] construction is to ascertain the intent of the legislature and to carry out such intention to the fullest extent. To effectuate that intent, statutes dealing with the same subject matter must be construed *in pari materia* and harmonized, if possible, to give effect to each.") (citations, internal quotation marks, elipses, and brackets omitted), *disc. review denied*, 363 N.C. 803, 690 S.E.2d 694 (2010).

In his appeal from the Town's decision and action for a declaratory judgment, Plaintiff alleged that he "is a member of

the public[] and a taxpaying resident[] of the Town . . . ." He also stated that he owns property in "Block No. 13," which is approximately three blocks away from Avenue A, and asserted that he "is aggrieved" by the Town's decision. Lastly, Plaintiff alleged that he is a "successor in interest to the dominant tract owner and offeror of dedication to public uses for use as rights of way all such land as is depicted as rights-of-way on the 1900 Town Map, including any subsequent modifications of such rights of ways[.]" On appeal to this Court, Plaintiff argues that he is an aggrieved person due to his status as a "citizen and resident of the Town" and "because he is a successor in interest to these public rights of way, which were designed and dedicated to provide access to the citizens of [the Town] to the public trust waters of the Neuse River, when the Town . . . was laid out [in the year 1900]."[4] We are unpersuaded.

---

[4] Plaintiff asserts that these allegations "must be accepted by this [C]ourt as being true" under the standard of review applied on appeal from the grant of a motion to dismiss under Rule 12(b)(6). This is incorrect. As Defendants note in their brief, that standard is only applicable to allegations of fact, not law. *Lloyd v. Babb*, 296 N.C. 416, 427, 251 S.E.2d 843, 851 (1979) ("For the purpose of the motion [to dismiss under Rule 12(b)(6)], the well-pleaded material allegations of the complaint are taken as admitted; but conclusions of law or unwarranted deductions of fact are not admitted.").

Plaintiff has provided no factual basis to support the argument that he is an aggrieved person in this case. His property is not adjacent to Avenue A or South Avenue and was not adjacent to those roads when the Town was designed in 1900. He has not alleged any personal injury and provides no reason to believe that his turn-of-the-last-century predecessor in interest had some special connection to Avenue A or South Avenue *distinct from the rest of the community*. Rather, he couches his arguments in terms of broad, public rights flowing from the Town's inception that have no bearing on our analysis here. Indeed, Plaintiff's entire argument is rooted in his status as a member of the Town's taxpaying populace. Such status is patently insufficient to support an appeal from, or action for declaratory judgment regarding, a town's order closing a street or alley under section 160A-299. *See, e.g.*, *Shaw v. Liggett & Myers Tobacco Co.*, 226 N.C. 477, 477–78, 38 S.E.2d 313, 313 (1946) (stating, before section 160A-299 was enacted, that "[t]he action of a city or town in authorizing the closing of a street[] cannot be successfully challenged in a civil suit instituted by a private citizen whose only interest therein is that of a general taxpayer of the city or town"). Accordingly, we hold that Plaintiff lacked standing to contest the Town's

decision and affirm the trial court's orders dismissing his appeal, action, and amended action.

AFFIRMED.

Judges GEER and ERVIN concur.