IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-242

Filed 3 October 2023

Brunswick County, No. 22CVS835

SCOTT THOMAS, AMY ELIZABETH DUNN, JAMES BRIAN DUNN, DAVE
EMONSON, PENNY EMONSON, and JOHN FARABOW, Plaintiffs,

v.

VILLAGE OF BALD HEAD ISLAND; PETER QUINN, MAYOR of VILLAGE OF
BALD HEAD ISLAND; VILLAGE COUNCIL MEMBERS of the VILLAGE OF BALD
HEAD ISLAND, Each in their Representative capacity as Council Members of the
VILLAGE OF BALD HEAD ISLAND; to wit: Scott Gardner, Mayor Pro Tem; Ginnie
White, Councilor; Emily Hill, Councilor; and Jerry Maggio, Councilor, Defendants.


Appeal by plaintiffs from order entered 16 September 2022 by Judge Jason C.

Disbrow in Brunswick County Superior Court. Heard in the Court of Appeals 22

August 2023.

> *John M. Kirby for plaintiffs-appellants.*

> *Brooks Pierce McLendon Humphrey & Leonard, L.L.P., by S. Wilson Quick and
> Jimmy C. Chang, for defendants-appellees.*


FLOOD, Judge.


Scott Thomas, Amy Elizabeth Dunn, James Brian Dunn, Dave Emonson,

Penny Emonson, and John Farabow (collectively "Plaintiffs") appeal from the trial

court's order granting Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the

North Carolina Rules of Civil Procedure. Plaintiffs allege the trial court erred in: (1)

finding Plaintiffs lacked standing to challenge the decision to close a portion of

Lighthouse Wynd; (2) concluding Plaintiffs did not have standing to bring this action

where the relevant statute allows "any person" to be heard prior to the closure of a road; and (3) rejecting the doctrine of relation back as to John Farabow ("Farabow") and Dave and Penny Emonson (the "Emonsons"). As we explain in further detail below, the trial court did not err.

## I. Factual and Procedural Background

On 3 May 2021, Defendant Village of Bald Head Island (the "Village") received a petition and request from Mark and Robin Prak; Old Ballast Stone, LLC; the Old Baldy Foundation, Inc.; the Village Chapel; Bald Head Limited, LLC; and the Bald Head Island Association, seeking closure of a portion of Lighthouse Wynd (the "Road") that is near Old Baldy lighthouse—specifically, the west end of the Road between where it intersects with Ballast Stone Alley and where it intersects with Timber Bridge. On 18 February 2022, these petitioners renewed their request for closure of the Road. On 18 March 2022, the Village adopted resolution number 2022-0304 (the "Resolution"), whereby the Village declared its intent to consider closing the Road. In the Resolution, the Village also set the public hearing on the considered Road closing to be held "at 10:00 [a.m.], or shortly thereafter, on Thursday," 14 April 2022.

On or about 30 March 2022, the Village filed a Certification of Mailing and Sign Posting, which read, in relevant part:

> I, Darcy Sperry, Village Clerk, with the Village of Bald Head Island, DO HEREBY CERTIFY that in accordance with [N.C. Gen. Stat. §] 160A-299(a), I mailed, or caused to be mailed, via USPS certified mail a Notice of Public

> Hearing being held by the Village Council on [14 April] 2022.
>
> This notice informed the abutting property owners of the subject property that the applicant is seeking to close a portion of the subject property. The mailed notice included the date, time, place, and subject of the meeting. The notice also included the process by which interested parties can participate in the public hearing (in person or via email). The notice was mailed on [29 March] 2022.
>
> Staff has also posted the subject parcel with two [] signs indicating that the property is subject to a Public Hearing with instructions to contact the Development Services Department via phone or email.

The Village also filed a copy of the notice that was published in the local newspaper, The State Port Pilot. This notice was published in the 23 March 2022, 30 March 2022, 6 April 2022, and 13 April 2022 editions of the newspaper. On 5 April 2022, the Village issued by email a notice where they changed the start time of the 14 April 2022 Village Council "regular scheduled meeting" from 10:00 [a.m.] to 9:00 [a.m.]. Plaintiff Scott Thomas ("Thomas") was a recipient of this email. The same day, the Village posted notice of this time change.

On 13 April 2022, Thomas sent an email to Village Clerk—Darcy Sperry—and several other people, requesting the Village not close the Road. In the email, Thomas asserted closure of the Road would be detrimental to the "island community because of [Old Baldy's] historical significance, aesthetic appeal and environmental sensitivity[;]" not closing the Road would be in "the public's best interest[;]" and the Village did not provide proper notice prior the 14 April 2022 hearing.

On 14 April 2022, during the Village Council's regularly scheduled meeting, the Village Council held a hearing on the closure of the Road. The Record shows Thomas phoned in to the hearing to speak remotely, and he expressed several concerns regarding closure of the Road "including but not limited to fire and emergency services, on[-]street parking, tree scape, pedestrian safety, lack of site plan, and Island infrastructure[.]" Thereafter, the Village Council unanimously voted to adopt order number 2022-0402 (the "Order") to permanently close the Road.

On 12 May 2022, Thomas, Amy Elizabeth Dunn, and James Brian Dunn (the "Dunns") filed a Petition to Vacate and Notice of Appeal from the Order (the "Initial Petition"). On 29 June 2022, Thomas and the Dunns filed an Amended Petition (the "Amended Petition"), which added Farabow and the Emonsons as petitioners. The Amended Petition did not add any allegations or circumstances unique to any Plaintiffs. On 2 August 2022, Defendants filed a Motion to Dismiss the Amended Petition pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. On 12 September 2022, the trial court held a hearing on Defendants' motion to dismiss. At the hearing, Plaintiffs made an oral motion to amend the Amended Petition via affidavits by each of the Plaintiffs, to "give further specifics about the individual positions of each" Plaintiff. The trial court denied Plaintiffs' motion and declined to consider the affidavits.

On 16 September 2022, the trial court entered an order granting Defendants' motion to dismiss, for Plaintiffs' "failure to establish standing pursuant to the

requirements of [N.C. Gen. Stat. §] 160A-299" and, as to Farabow and the Emonsons, for "failure to file an appeal [to the trial court] within [thirty] days from the adoption of the Order . . . as required by [N.C. Gen. Stat. §] 160A-299." On 17 October 2022, Plaintiffs filed written notice of appeal.

## II. **Jurisdiction**

Plaintiffs' appeal is properly before this Court pursuant to N.C. Gen. Stat. §§ 7A-27(a)(1), and 1-277, and Rule 3(a) of the North Carolina Rules of Appellate Procedure. *See* N.C. Gen. Stat. §§ 7A-27(a)(1), and 1-277 (2021); *see* N.C.R. App. P. 3(a).

## III. **Standard of Review**

"A ruling on a motion to dismiss for want of standing is reviewed *de novo*." *Ring v. Moore Cnty.*, 257 N.C. App. 168, 170, 809 S.E.2d 11, 12 (2017). This Court's review of an order granting a Rule 12(b)(6) motion to dismiss does not entail review of the trial court's reasoning; rather, this Court "affirms or reverses the disposition of the trial court—the granting of the Rule 12(b)(6) motion to dismiss—based on the appellate court's review of whether the allegations of the complaint are sufficient to state a claim." *Taylor v. Bank of America, N.A.*, 382 N.C. 677, 679, 878 S.E.2d 798, 800 (2022).

> Dismissal under Rule 12(b)(6) is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint

discloses some fact that necessarily defeats the plaintiff's claim.

*Wood v. Guilford Cnty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002).

"Standing is jurisdictional in nature and consequently, standing is a threshold issue that must be addressed, and found to exist, before the merits of the case are judicially resolved." *In re Miller*, 162 N.C. App. 355, 357, 590 S.E.2d 864, 865 (2004). "For the purpose of the motion [to dismiss under Rule 12(b)(6)], the well-pleaded material allegations of the complaint are taken as admitted; but conclusions of law or unwarranted deductions of fact are not admitted." *Lloyd v. Babb*, 296 N.C. 416, 427, 251 S.E.2d 843, 851 (1979).[1]

## IV. <u>Analysis</u>

Plaintiffs argue on appeal: (A) the trial court erred in concluding Plaintiffs did not have standing to bring this action where Plaintiffs were "persons aggrieved" under N.C. Gen. Stat. § 160A-299; (B) even if Plaintiffs were not persons aggrieved under N.C. Gen. Stat. § 160A-299, they were still persons entitled to be heard prior to a road closure; and (C) the trial court erroneously found Farabow and the Emonsons failed to timely file their claims.

---

[1] Although standing presents an issue of subject matter jurisdiction under Rule 12(b)(1), standing is sometimes addressed under Rule 12(b)(6). Defendant's motion to dismiss was based only upon Rule 12(b)(6). Plaintiffs' brief on appeal also addresses the argument regarding standing under Rule 12(b)(6), so we have limited our analysis to address the arguments under Rule 12(b)(6) as well. The standard of review of *de novo* is the same either way, although the information the Court may consider is different. *See United Daughters of the Confederacy v. City of Winston-Salem*, 383 N.C. 612, 624, 881 S.E.2d 32, 43–44 (2022).

## A. Standing as "Persons Aggrieved"

We first address whether Plaintiffs had standing as "person[s] aggrieved" pursuant to N.C. Gen. Stat. § 160A-299. As we explain below, Plaintiffs did not have standing.

Plaintiffs argue, pursuant to N.C. Gen. Stat. § 160A-299(b), they are "persons aggrieved" by the closure of the Road, and therefore, the trial court erred in dismissing their amended complaint for lack of standing. We disagree.

N.C. Gen. Stat. § 160A-299(b) provides, in pertinent part:

> Any person aggrieved by the closing of any street or alley . . . may appeal the council's order to the General Court of Justice within [thirty] days after its adoption. . . . In addition to determining whether procedural requirements were complied with, the court shall determine whether, on the record as presented to the city council, the council's decision to close the street was in accordance with the statutory standards of subsection (a) of this section and any other applicable requirements of local law or ordinance.
>
> No cause of action or defense founded upon the invalidity of any proceedings taken in closing any street or alley may be asserted, nor shall the validity of the order be open to question[,] . . . except in an action or proceeding begun within [thirty] days after the order is adopted.

N.C. Gen. Stat. § 160A-299(b) (2021). To show standing to challenge a road closing under N.C. Gen. Stat. § 160A-299, a plaintiff must provide a "factual basis to support the argument that he is an aggrieved person in this case." *Cox v. Town of Oriental*, 234 N.C. App. 675, 680, 759 S.E.2d 388, 391 (2014). This Court has defined an "aggrieved party" under N.C. Gen. Stat. § 160A-299 as "one who can either show an

interest in the property affected, or if the party is a nearby property owner, some special damage, distinct from the rest of the community, amounting to a reduction in the value of his property." *In re Granting of Variance by Town of Franklin*, 131 N.C. App. 846, 849, 508 S.E.2d 841, 843 (1998) (citation omitted).

In *Cox*, the plaintiff, who appealed to the trial court the Town of Oriental's decision to close a street under N.C. Gen. Stat. § 160A-299, argued he is a person aggrieved as "a member of the public and a taxpaying resident of the Town" and as a "successor in interest to these public rights of way, which were designed and dedicated to provide access to the citizens of the Town." 234 N.C. App. at 679, 759 S.E.2d at 391 (cleaned up). We held, "as [the plaintiff's] property is not adjacent to" the street closure and the plaintiff "has not alleged any personal injury . . . [nor alleged] some special connection to [the street] *distinct from the rest of the community*[,]" the plaintiff was not an "aggrieved person" under N.C. Gen. Stat. § 160A-299, and he lacked standing to bring his claim. *Id.* at 680, 759 S.E.2d at 391 (emphasis in original).

## 1. Affidavits

Here, Plaintiffs provide as a factual basis, in support of the argument they are aggrieved persons, the contents of the Amended Petition and affidavits from each individual Plaintiff. As to the affidavits, Plaintiffs first presented them at the 16 September 2022 hearing as a means to amend the Amended Petition. The trial court denied Plaintiffs' oral motion to amend and, as such, never considered the contents

of the affidavits. Plaintiffs again present the affidavits in the Record on appeal, but in their brief allege no error on part of the trial court in denying their oral motion and posit no reason as to why this Court should consider these affidavits for the first time on appeal. "[A] party's failure to brief a question on appeal ordinarily constitutes a waiver of the issue." *In re N.R.M.*, 165 N.C. App. 294, 296, 598 S.E.2d 147, 148 (2004) (citation omitted); *see* N.C.R. App. P. 28(b)(6) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned."). Plaintiffs, therefore, have abandoned any argument concerning the trial court's denial of their motion to amend the Amended Complaint, and we will not consider the contents of the affidavits for the first time on appeal.

We note that, in their reply brief, Plaintiffs contend we may consider the affidavits in our review of the trial court's decision to grant Defendants' motion to dismiss for lack of standing, as our Supreme Court has provided, "[a]n appellate court considering a challenge to a trial court's decision to grant or deny a motion to dismiss for lack of *subject matter jurisdiction* may consider information outside the scope of the pleadings in addition to the allegations set out in the complaint[,]" and may make findings of fact to that effect. *United Daughters*, 383 N.C. at 624, 881 S.E.2d at 43 (emphasis added); *see Hammond v. Hammond*, 209 N.C. App. 616, 631, 708 S.E.2d 74, 84 (2011).

Our Supreme Court's articulated scope of consideration concerns review of a trial court's decision to grant or deny a 12(b)(1) motion and, here, the trial court made

no findings of fact that we may review, nor did Plaintiffs request the court make findings. *See United Daughters*, 383 N.C. at 624, 881 S.E.2d at 43. Moreover, the current appeal concerns the trial court's granting of Defendants' 12(b)(6) motion, not a 12(b)(1) motion, and, as articulated above, Plaintiffs have not argued on appeal that the trial court erred in refusing to consider the affidavits. Additionally, a "reply brief is not an avenue to correct the deficiencies contained in the original brief." *State v. Dinan*, 233 N.C. App. 694, 698–99, 757 S.E.2d 481, 485 (2014). Plaintiffs' argument in their reply brief on this Court's consideration of the affidavits is not sufficient for us to consider the affidavits' contents on appeal.

### 2. "Persons Aggrieved"

As we do not consider the contents of Plaintiffs' affidavits, per our standard of review we look to only the allegations set forth in the Amended Petition. *See Taylor*, 382 N.C. at 679, 878 S.E.2d at 800. Plaintiffs allege in the Amended Petition that they are statutory "aggrieved persons" as "nearby property owners" and allege that closure of the Road would "contravene the proof of clear public interests in public safety, traffic calming, pedestrian access, historical preservation and conservation." Per *Cox*, where we provided a plaintiff must demonstrate he is an adjacent property owner who has suffered some unique personal injury distinct from the rest of the community, none of these contentions are sufficient to establish standing as an "aggrieved person." 234 N.C. App. at 680, 759 S.E.2d at 391. A "nearby" property owner is not necessarily the same as an "adjacent" property owner, and Plaintiffs'

assertions regarding public interests do not demonstrate "some special damage, distinct from the rest of the community, amounting to a reduction in the value of [their properties]." *See id.* at 679, 759 S.E.2d at 390–91; *see Franklin*, 131 N.C. App. at 849, 508 S.E.2d at 843. As such, Plaintiffs have not provided a factual basis demonstrating they are "persons aggrieved" pursuant to N.C. Gen. Stat. § 160A-299, and the Amended Petition "on its face reveals the absence of facts sufficient to make a good claim." *See Cox*, 234 N.C. App. at 680, 759 S.E.2d at 391; *see Wood*, 355 N.C. at 166, 558 S.E.2d at 494. The trial court, therefore, did not err.

As we have determined Plaintiffs had no standing to file the Amended Petition, we need not address Plaintiffs' argument concerning whether Farabow's and the Emonsons' claims "relate back" to the initial Petition under *Baldwin v. Wilkie*, 179 N.C. App. 567, 635 S.E.2d 431 (2006), and N.C. R. Civ. P. 15(c). *See Coderre v. Futrell*, 224 N.C. App. 454, 457, 736 S.E.2d 784, 786 (2012) ("[The p]laintiffs contend that, under this Court's holding in *Baldwin*[,] . . . Rule 15(c) allows a plaintiff to add an additional party plaintiff to an already filed action and have the new plaintiff's claims relate back to the original filing. However, since we have determined that [the plaintiffs] had no standing to file the original complaint, we need not address [the] plaintiffs' Rule 15(c) argument.").

### B. Standing as "Any Persons"

Plaintiffs argue that, even if this Court were to determine that Plaintiffs did not have standing as "persons aggrieved'" under N.C. Gen. Stat. § 160A-299(b),

Plaintiffs nevertheless had a "right to be heard" before the Village and have standing under N.C. Gen. Stat. § 160A-299(a) to challenge Defendants' allegedly deficient notice for the hearing on closure of the Road. We disagree.

Under N.C. Gen. Stat. § 160A-299(a),

> When a city proposes to permanently close any street or public alley, the council shall first adopt a resolution declaring its intent to close the street or alley and calling a public hearing on the question. . . . At the hearing, any person may be heard on the question of whether or not the closing would be detrimental to public interest, or the property rights of any individual.

N.C. Gen. Stat. § 160A-299(a) (2021). As provided in N.C. Gen. Stat. § 160A-299(b), however, "[a]ny *person aggrieved* by the closing of any street . . . may appeal the council's order . . . . [On appeal] the court shall determine whether . . . the council's decision to close the street was in accordance with the statutory standards of subsection (a)[.]" N.C. Gen. Stat. § 160A-299(b) (emphasis added).

Per the plain language of N.C. Gen. Stat. § 160A-299(b), and as articulated above, to have standing to appeal a council's decision to close a street or alley under N.C. Gen. Stat. § 160A-299 a plaintiff must provide a factual basis demonstrating he is a "person aggrieved[.]" N.C. Gen. Stat. § 160A-299(b); *see Cox*, 234 N.C. App. at 680, 759 S.E.2d at 391; *see Wood*, 355 N.C. at 166, 558 S.E.2d at 494. Plaintiffs, here, have failed to do so, and we will not consider the alleged deficiencies in Defendants' notice for a public hearing under N.C. Gen. Stat. § 160A-299(a).

## V. <u>Conclusion</u>

Plaintiffs have failed to establish a factual basis demonstrating they are "person[s] aggrieved" under N.C. Gen. Stat. § 160A-299, and therefore have failed to establish standing to contest Defendants' decision to close the Road. We affirm the trial court's decision to grant Defendants' motion to dismiss.

AFFIRMED.

Chief Judge STROUD and Judge STADING concur.