IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-1171

Filed: 2 July 2019

Wake County, No. 17 CVS 6521

WELLS FARGO BANK, N.A., Plaintiff,

v.

FRANCES J. STOCKS, in his capacity as the executor of the estate of LEWIS H. STOCKS AKA LEWIS H. STOCKS, III, TIA M. STOCKS and JEREMY B. WILKINS, in his capacity as commissioner, Defendants.


Appeal by Defendant Tia M. Stocks from summary judgment entered 25 April 2018 by Judge Henry W. Hight in Wake County Superior Court. Heard in the Court of Appeals 25 April 2019.

> *The Law Office of John T. Benjamin, Jr., P.A., by John T. Benjamin, Jr., and Aleksandra E. Anderson, for Plaintiff-Appellee.*
>
> *Janvier Law Firm, PLLC, by Kathleen O'Malley, for Defendant-Appellant Tia M. Stocks.*
>
> *Howard, Stallings, From, Atkins, Angell & Davis, P.A., by Douglas D. Noreen and Rebecca H. Ugolick, for Defendant-Appellant Frances J. Stocks, in his Capacity as the executor of the estate of Lewis H. Stocks.*
>
> *No brief filed by Defendant Jeremy B. Wilkins.*


INMAN, Judge.

Defendant-Appellant Tia M. Stocks ("Ms. Stocks") appeals from the trial court's entry of summary judgment reforming a deed of trust and ordering judicial foreclosure in favor of Plaintiff-Appellee Wells Fargo, N.A. ("Wells Fargo"). Following

careful review, we reverse the trial court's entry of summary judgment and hold Wells Fargo's reformation action is barred by the applicable statute of limitations.

## I.  **Factual and Procedural History**

On 22 March 2002, Ms. Stocks' father, Lewis H. Stocks ("Mr. Stocks"), executed a Limited Power of Attorney naming Ms. Stocks attorney-in-fact for the limited purpose of executing certain documents necessary to purchase a house in Garner, North Carolina (the "Property"), for Ms. Stocks' use as a residence.  Mr. Stocks arranged to purchase the property through a loan with First Union National Bank ("First Union"), and a general warranty deed conveying the Property to Ms. Stocks— as sole owner—was filed on 26 March 2002.  Consistent with her father's loan arrangement, Ms. Stocks executed a promissory note as attorney-in-fact for Mr. Stocks in First Union's favor in the amount of $88,184.50 (the "First Note") on 27 March 2002; she also recorded a deed of trust for that amount (together with the First Note as the "First Loan") that same day, which named herself and her father as borrowers and listed First Union as the beneficiary.

Before the First Note was paid off, First Union became Wachovia; Wachovia, in turn, became holder of the First Note.  In late 2004, Mr. Stocks sought to refinance the First Loan with Wachovia and, on 12 January 2005, executed a new promissory note for $83,034.00 in Wachovia's favor (the "Note").  Ms. Stocks was not named as a borrower on the Note.  On 19 January 2005, Ms. Stocks executed a new deed of trust

with Wachovia under seal (the "Deed of Trust"), listing her as the borrower and stating she was "indebted to [Wachovia] in the principal sum of U.S.$ 83034.00 which indebtedness is evidenced by Borrower's Note dated 01/12/05." Because Ms. Stocks was not a signatory to or debtor under the Note, the language of the Deed of Trust mistakenly secured a non-existent debt. Ms. Stocks, however, made payments on the Note.

By 2016, Wachovia had merged with Wells Fargo, Mr. Stocks had passed away, and Ms. Stocks had ceased paying the Note. Wells Fargo sent a right to cure letter to Mr. Stocks' estate (the "Estate") on 2 March 2016, but no further payments were forthcoming. Wells Fargo thereafter commenced non-judicial foreclosure proceedings on the Property; during the course of those proceedings, Wells Fargo learned for the first time that, because of the mistake in the Deed of Trust, the Note was not secured by the Property.

To correct the error, Wells Fargo filed a complaint on 26 May 2017 requesting reformation of the Deed of Trust and a judicial sale of the Property; in the alternative, Wells Fargo requested imposition of an equitable lien on the Property. The complaint also alleged a breach of contract against the Estate for its default on the Note, as well

as claims for quiet title and declaratory judgment that would establish the Deed of Trust as a valid lien on the Property as security for the Note.[1]

Ms. Stocks filed an answer to Wells Fargo's complaint asserting the statute of limitations as a defense to reformation. The Estate filed its answer and crossclaims against Ms. Stocks for breach of contract, unjust enrichment, and unfair and deceptive trade practices. Following further pleading and discovery, Wells Fargo moved for summary judgment on all claims.

At the summary judgment hearing, Wells Fargo contended that Ms. Stocks' statute of limitations defense, premised on Section 1-52(9), failed as a matter of law. That statute, which applies to claims arising from mistake, does not begin to run until the claimant "actually learns of [the mistake's] existence or should have discovered the mistake in the exercise of due diligence[,]" *Wells Fargo Bank, N.A. v. Coleman*, 239 N.C. App. 239, 244, 768 S.E.2d 604, 608 (2015) (citation omitted), and Wells Fargo asserted that Ms. Stocks had failed to forecast any evidence demonstrating that the mistake was or should have been discovered more than three years prior to suit. Counsel for Ms. Stocks argued that Wells Fargo should have discovered the mistake at the time the Deed of Trust was executed. The trial court rejected Ms. Stocks'

---

[1] Defendant Jeremy B. Wilkins was named in Wells Fargo's complaint for the sole purpose of allowing the trial court to appoint him as commissioner over any subsequent judicial foreclosure sale. He has not made an appearance in this appeal and is not discussed in the parties' arguments; as a result, we omit him from further discussion.

statute of limitations argument and entered summary judgment for Wells Fargo on its claims for reformation and judicial foreclosure. Ms. Stocks appeals.

## II. **Analysis**

*A. Appellate Jurisdiction*

The trial court's summary judgment order did not fully resolve Wells Fargo's claims against the Estate or the Estate's crossclaims against Ms. Stocks; as a result, it is an interlocutory order. *See Atkins v. Beasley*, 53 N.C. App. 33, 36, 279 S.E.2d 866, 869 (1981). Such an order is immediately appealable if it "deprives the appellant of a substantial right which would be lost absent immediate review." *N.C. Dep't of Transp. v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995) (citation omitted); *see also* N.C. Gen. Stat. §§ 7A-27(a)(3)(a) and 1-277(a) (2017). "The moving party must show that the affected right is a substantial one, and that deprivation of that right, if not corrected before appeal from final judgment, will potentially injure the moving party. Whether a substantial right is affected is determined on a case-by-case basis, and should be strictly construed." *Alexander Hamilton Life Ins. Co. of America v. J & H Marsh & McClennan, Inc.*, 142 N.C. App. 699, 701, 543 S.E.2d 898, 900 (2001) (citations omitted).

Ms. Stocks argues that because the summary judgment orders the sale of her primary residence, if the appeal is not heard and the foreclosure moves forward, she may lose her home permanently prior to any appeal from final judgment. Wells Fargo

and the Estate present no argument to the contrary. We hold the summary judgment order directing the judicial sale of Ms. Stocks' home affects a substantial right subject to appellate review. *Cf. Soares v. Soares*, 86 N.C. App. 369, 370, 357 S.E.2d 418, 418 (1987) (holding an interlocutory order in a divorce action that directed the sale of the marital home involved a substantial right subject to immediate appeal).

*B. Standard of Review*

We review the grant of summary judgment *de novo. Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007). This standard of review also encompasses the application of the appropriate statute of limitations where the relevant facts are undisputed. *McKoy v. Beasley*, 213 N.C. App. 258, 262, 712 S.E.2d 712, 715 (2011).

*C. Applicable Statute of Limitations*

The parties noted in their briefs that resolution of this appeal requires consideration of two different statutes of limitations. The first, Section 1-52(9), provides a three-year limitation on actions "[f]or relief on the ground of fraud or mistake; the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake." N.C. Gen. Stat. § 1-52(9) (2017). The second statute, Section 1-47(2), provides a ten-year limitation on actions "[u]pon a sealed instrument or an instrument of conveyance of an interest in real property, against the principal thereto." N.C. Gen. Stat. § 1-47(2) (2017).

Although both statutes were mentioned as potentially applicable in the hearing before the trial court, substantive argument below focused only on Section 1-52(9).

On appeal, Ms. Stocks argues that she raised a genuine issue of material fact as to when Wells Fargo should have discovered the mistake in the Deed of Trust, and, as a result, whether the three-year statute of limitations in Section 1-52(9) bars Wells Fargo's reformation claim. She bases this argument on evidence tending to show that: (1) Wachovia (now Wells Fargo) drafted other documents, simultaneous with the Deed of Trust, that properly described Mr. and Ms. Stocks' relationships with Wachovia; and (2) no Wachovia representative was present when Ms. Stocks signed the Deed of Trust. The trial court may very well have been correct in rejecting that argument, as the evidence cited does not suggest the existence of "facts and circumstances sufficient to put [Wells Fargo] on inquiry which, if pursued, would lead to the discovery of the facts constituting the [mistake]." *Coleman*, 239 N.C. App. at 245, 768 S.E.2d at 609 (citations omitted). We do not resolve whether the trial court properly concluded Ms. Stocks' limitations defense under Section 1-52(9) failed as a matter of law, however, because precedent established after the trial court's ruling, and before this Court's appellate review, held that Section 1-52(9) does not apply to a claim to reform a deed of trust based on mistake.

After the trial court granted summary judgment in favor of Wells Fargo, this Court issued its opinion in *Nationstar Mortgage, LLC v. Dean*, ___ N.C. App. ___, 820

S.E.2d 854 (2018), holding that a claim to reform a deed of trust on grounds of mistake is subject to the ten-year statute of limitations found in Section 1-47(2), *not* Section 1-52(9). ___ N.C. App. at ___, 820 S.E.2d at 860.

Neither party disputes that *Nationstar Mortgage* and Section 1-47(2) govern this appeal. In its principal brief, appellee Wells Fargo expressly argues that "the applicable statute of limitations here as prescribed by *Nationstar Mortgage* is the ten-year statute under [Section] 1-47(2)." Although Ms. Stocks argued in her principal appellate brief that our consideration of the applicable statute of limitations should be limited to Section 1-52(9), she addressed Wells Fargo's contention in her reply brief by positing that if Wells Fargo is correct that the ten-year statute of limitations applies, Section 1-47(2) bars Wells Fargo's claim.

Consistent with *Nationstar Mortgage*, we hold that Section 1-47(2) governs Wells Fargo's reformation claim. Thus, although the trial court may very well have properly determined that Section 1-52(9) did not bar summary judgment in favor of Wells Fargo, that determination is immaterial if, following *Nationstar Mortgage*, Section 1-47(2) applies to the exclusion of Section 1-52(9).

In *Nationstar Mortgage*, a married couple defaulted on a loan secured by a deed of trust; however, the deed of trust was recorded without a legal description of the real property it encumbered. ___ N.C. App. at ___, 820 S.E.2d at 856-57. Nationstar, the servicer of the defaulted loan, brought a declaratory judgment and reformation

action on the ground of mistake, requesting the trial court reform the deed of trust to accurately describe the real property. *Id.* at ___, 820 S.E.2d at 857. The borrowers raised a statute of limitations defense, but the trial court rejected that defense and entered summary judgment reforming the deed of trust. *Id.* at ___, 820 S.E.2d at 858. On appeal, the borrowers argued that Nationstar's claim was barred by Section 1-52(9), while Nationstar asserted the ten-year statute of limitations in Section 1-47(2) controlled. *Id.* at ___, 820 S.E.2d at 860.

To resolve that dispute, this Court looked to the "well-stablished canons of statutory construction," and observed that " '[w]hen two statutes apparently overlap, it is well established that the statute special and particular shall control over the statute general in nature, even if the general statute is more recent, unless it clearly appears that the legislature intended the general statute to control.' " *Id.* at ___, 820 S.E.2d at 860 (quoting *Fowler v. Valencourt*, 334 N.C. 345, 349, 435 S.E.2d 530, 533 (1993)). After acknowledging the deed of trust in question was "clearly a sealed instrument . . . 'of conveyance of an interest in real property[,]' " we held that "[a]s between N.C. Gen. Stat. §§ 1-47(2) and 1-52(9), the former is the more specific statute of limitations that applies to Nationstar's reformation claim under the ten-year limitations period." *Id.* at ___, 820 S.E.2d at 860 (quoting N.C. Gen. Stat. § 1-47(2)).

Given that "where two statutes deal with the same subject matter, the more specific statute *will prevail over* the more general one," *Fowler*, 334 N.C. at 349, 435

S.E.2d at 532 (emphasis added), and *Nationstar Mortgage*, relying on that canon, expressly held that "[a]s between N.C. Gen. Stat. §§ 1-47(2) and 1-52(9), the former is the more specific statute of limitations that applies to Nationstar's reformation claim[,]" ___ N.C. App. at ___, 820 S.E.2d at 860, we hold that Section 1-47(2) applies to Wells Fargo's claim while Section 1-52(9) does not.[2] We note that neither the parties nor the trial court had the benefit of this Court's decision in *Nationstar Mortgage* when the matter was resolved below.

*D.  Accrual of the Limitations Period Provided by Section 1-47(2)*

Having held that the ten-year statute of limitations provided by Section 1-47(2) applies to Wells Fargo's reformation claim, we must now determine whether that claim was brought within the limitations period.

North Carolina common law provides that, for statute of limitations purposes, "a cause of action accrues at the time the injury occurs[,] . . . *even when the injured party is unaware that the injury exists*[.]" *Pembee Mfg. Corp. v. Cape Fear Const. Co.*, 313 N.C. 488, 492, 329 S.E.2d 350, 353 (1985) (citations omitted) (emphasis added).

---

[2] We read *Nationstar Mortgage* to hold that Section 1-47(2) applies to the exclusion of 1-52(9) with respect to claims for reforming a sealed instrument based on mistake. The parties do not identify, and we have not found, any cases holding that more than one statute of limitations can apply to a claim. Nor have we located any decisions holding that where one statute of limitations—established by law as applicable to the action—has run on a claim, a different statute of limitations may step in and save the cause of action. Such paucity is not entirely surprising, given "that statutes of limitations are inflexible and unyielding[,]" and seek "to afford security against demands . . . . This security must be jealously guarded[.]" *King v. Albemarle Hosp. Auth.*, 370 N.C. 467, 470, 809 S.E.2d 847, 848 (2018) (internal quotation marks and citations omitted). We note that Wells Fargo's appellate brief speaks in exclusive terms when it states "the applicable statute of limitations here as prescribed by *Nationstar Mortgage* is the ten-year statute under [Section] 1-47(2)."

In other words, "[a] cause of action generally accrues and the statute of limitations begins to run as soon as the right to institute and maintain a suit arises." *Penley v. Penley*, 314 N.C. 1, 20, 332 S.E.2d 51, 62 (1985) (citations omitted). This common law rule may be modified by express statutory language delaying accrual until the party discovers or reasonably should discover the injury or mistake giving rise to the cause of action. *See, e.g., Pembee Mfg. Corp.*, 313 N.C. at 492, 329 S.E.2d at 353 (noting that the common law rule ordinarily applies but recognizing that the discovery provisions found in various subsections of Section 1-52 modify the common law by delaying accrual until the injury is discovered or reasonably should have been discovered); *Leonard v. England*, 115 N.C. App. 103, 107, 445 S.E.2d 50, 52 (1994) (observing that Section 1-52(16)'s "discovery" provisions extend the statute of limitations by delaying accrual "until bodily harm to the claimant . . . becomes apparent or ought reasonably to have become apparent to the claimant" (citation and internal quotation marks omitted)).

Although Section 1-52(9) contains language modifying the common law accrual rule, Section 1-47(2) does not. Thus, the common law rule applies to reformation actions governed by Section 1-47(2). *Pembee Mfg. Corp.*, 313 N.C. at 492, 329 S.E.2d at 353. And, when tasked in *Nationstar Mortgage* with determining whether the action to reform a deed of trust for mistake was brought within the ten-year limitations period, this Court held that claim accrued not at the time the mistake in

the deed of trust was discovered, but when the deed of trust itself was executed. ___ N.C. App. at ___, 820 S.E.2d at 860 ("No genuine issue of material fact exists that Nationstar filed its verified complaint on 26 June 2013, which is within ten years *of the execution of* the First South Deed of Trust on 1 June 2004." (emphasis added)). Consistent with the application of Section 1-47(2) in *Nationstar Mortgage*, we hold that Wells Fargo's claim accrued on—and the statute of limitations runs from—the date the Deed of Trust was executed. *See id.* at ___, 820 S.E.2d at 860; *see also* 66 Am. Jur. 2d Reformation of Instruments § 89 ("[S]ome states apply the general rule that the statute commences to run at the accrual of the cause of action [for reformation on grounds of mistake], that is, at the date of the execution or delivery of the instrument, sometimes on the theory that the statute has made no [discovery] exception in this class of cases.").

It is undisputed that the Deed of Trust was executed by Ms. Stocks in January 2005 and that Wells Fargo filed its complaint twelve years later, on 26 May 2017. Wells Fargo's claim for reformation, then, was filed two years after the limitations period provided by Section 1-47(2) had expired. *See Nationstar Mortgage*, ___ N.C. App. at ___, 820 S.E.2d at 860. As a result, Wells Fargo's reformation claim is time barred.

Our dissenting colleague would not consider whether Section 1-47(2) bars Wells Fargo's claim because Ms. Stocks, the appellant, did not present this argument

in her principal brief. The dissent cites well-established authority that it is not the role of the appellate court to create an argument for the appellant, and that a reply brief cannot correct deficiencies in the principal brief. *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005); *Cox v. Town of Oriental*, 234 N.C. App. 675, 678, 759 S.E.2d 388, 390 (2014). But the procedural posture of the issue before us is different and such that we cannot ignore it. That is because Wells Fargo's principal brief asserted that the limitations period provided by Section 1-47(2)—and not Section 1-52(9)—applies here, contending that question is ripe for consideration on appeal. The argument raised by Ms. Stocks in reply—that if Wells Fargo was correct about the applicable statute, it nonetheless barred Wells Fargo's claim—was responsive to Wells Fargo's argument. Rule 28(h) of the North Carolina Rules of Appellate Procedure provides that a reply brief shall be limited to "a concise rebuttal of arguments set out in the appellee's brief and shall not reiterate arguments set forth in the appellant's principal brief." N.C. R. App. P. 28(h) (2019). Ms. Stock's reply brief did not violate the rule, and we should not ignore her argument.

The trial court's entry of summary judgment in favor of Wells Fargo on this claim is reversed.

*E. Judicial Sale*

Because the unreformed Deed of Trust fails to secure the Note, Wells Fargo's claim for judicial sale cannot stand. *See, e.g., United States Bank Nat'l Ass'n v.*

*Pinkney*, 369 N.C. 723, 727, 800 S.E.2d 412, 416 (2017) (recognizing that a valid claim for judicial foreclosure requires "a debt, default on the debt, a deed of trust securing the debt, and the plaintiff's right to enforce the deed of trust" (citation omitted)). Entry of summary judgment on this claim in favor of Wells Fargo is similarly reversed.

### III.  CONCLUSION

For the foregoing reasons, the trial court's entry of summary judgment in favor of Wells Fargo on its claims for reformation and judicial foreclosure is reversed.  This matter is remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED.

Judge BROOK concurs.

Judge ARROWOOD dissents by separate opinion.

ARROWOOD, Judge, dissenting.

I respectfully dissent.

Tia M. Stocks ("defendant-appellant") argues on appeal that the trial court erred by granting summary judgment in plaintiff's favor because she raised a genuine issue of material fact as to when Wells Fargo Bank, N.A. ("plaintiff") should have discovered the mistake in the deed of trust. As a result, she argues, there is a genuine issue of material fact as to whether the action is time barred under N.C. Gen. Stat. § 1-52(9) (2017). However, the majority concludes it does not need to resolve defendant-appellant's argument as raised on appeal because, subsequent to the trial court's summary judgment order, this Court decided *Nationstar Mortg., LLC v. Dean*, __ N.C. App. __, 820 S.E.2d 854 (2018), wherein our court determined N.C. Gen. Stat. § 1-52(9) does not apply to a claim to reform a deed of trust based on mistake.

In *Nationstar Mortg., LLC*, our Court considered whether the three-year statute of limitations in N.C. Gen. Stat. § 1-52(9) for claims based in "fraud or mistake" or the ten-year statute of limitations in N.C. Gen. Stat. § 1-47(2) (2017), for actions "[u]pon a sealed instrument or an instrument of conveyance of an interest in real property, against the principal thereto[,]" applies to a claim to reform a deed of trust based on mistake. *Nationstar Mortg., LLC*, __ N.C. App. at __, 820 S.E.2d at 860. Our Court explained that, although the statute of limitations in both N.C. Gen. Stat. §§ 1-47(2) and 1-52(9) could apply to the facts before the court, "[w]here one of two statutes might apply to the same situation, the statute which deals more directly

and specifically with the situation controls over the statute of more general applicability." *Id.* The Court then determined, without citing any supporting justification, that "[a]s between N.C. Gen. Stat. §§ 1-47(2) and 1-52(9), the former is the more specific statute of limitations that applies to" a reformation claim involving a deed of trust that is "clearly a sealed instrument . . . 'of conveyance of an interest in real property[.]' " *Id.*

Applying *Nationstar Mortg., LLC*'s holding to the case at bar, the majority concludes that, because N.C. Gen. Stat. § 1-52(9) does not apply to a claim to reform a deed of trust based on mistake, it will consider defendant-appellant's arguments in light of N.C. Gen. Stat. § 1-47(2). I disagree with the majority's approach. It is well-established that "[i]t is not the role of the appellate court . . . to create an appeal for an appellant." *Viar v. N. Carolina Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005); *see* N.C.R. App. Pro. 28(b)(6) (2019) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned."). Therefore, because the appellant did not raise the issue analyzed by the majority—whether there is a genuine issue of material fact as to whether the action is time barred under N.C. Gen. Stat. § 1-47(2)—we should not address it on appeal. Furthermore, in her opening brief, defendant-appellant specifically argues the opposite, maintaining that N.C. Gen. Stat. § 1-47(2) is not the relevant statute of limitations. Thus, any argument otherwise has been waived.

2

Additionally, *Nationstar Mortg., LLC* was published prior to defendant's filing of her principal brief, and she even cites to it to define reformation, and to discuss, in a footnote, whether reformation of a deed of trust is an issue for the court or the jury. Nevertheless, she does *not* argue that our Court should consider this case in light of the ten-year statute of limitations in N.C. Gen. Stat. § 1-47(2), as described by *Nationstar Mortg., LLC*. Thus, I contend it is not proper for us to consider the argument posited by the majority on appeal.

Despite her argument in her opening brief, I do note that defendant's reply brief does argue that plaintiff's claim for reformation is barred under *both* N.C. Gen. Stat. §§ 1-47(2) and 1-52(9). Even so, this argument is not properly before our Court because "[a] reply brief does not serve as a way to correct deficiencies in the principal brief." *Cox v. Town of Oriental*, 234 N.C. App. 675, 679, 759 S.E.2d 388, 390 (2014) (alteration in original) (citation and quotation marks omitted). Accordingly, I dissent.

Furthermore, I believe it is problematic to determine that claims cannot be brought under N.C. Gen. Stat. § 1-52(9) in actions arising out of a sealed instrument or an instrument of conveyance of an interest in real property, against the principal thereto. Under North Carolina law, a cause of action based on fraud or mistake does not accrue until the aggrieved party discovers the facts constituting the fraud. N.C. Gen. Stat. § 1-52(9); *Hunter v. Guardian Life Ins. Co. of Am.*, 162 N.C. App. 477, 485, 593 S.E.2d 595, 601 (2004) ("The Supreme Court of our State has held in numerous cases that in an action grounded on fraud, the statute of limitations begins to run

from the discovery of the fraud or from the time it should have been discovered in the exercise of reasonable diligence." (citation and quotation marks omitted)). However, under *Nationstar Mortg. LLC*, a cause of action based on fraud or mistake cannot be brought after ten years even if the underlying fraud or mistake would not have been reasonably discovered during that time.

I do not believe this result was the intent of N.C. Gen. Stat. § 1-47(2), where both our General Assembly and judiciary have emphasized the importance of protecting defrauded parties, or those injured by a mistake, by holding that a cause of action for these injuries does not accrue until the discovery of the fraud or mistake in the exercise of reasonable diligence. After all, determining "[w]hen plaintiff should, in the exercise of reasonable care and due diligence, have discovered the fraud is" not a matter of law, but, rather, "a question of fact to be resolved by the jury." *Hunter*, 162 N.C. App. at 486, 593 S.E.2d at 601 (alteration in original) (citation and internal quotation marks omitted). Thus, I believe it runs counter to logic and our case law interpreting N.C. Gen. Stat. § 1-52(9) to bar an action for mistake or fraud from accruing after ten years pursuant to N.C. Gen. Stat. § 1-47(2) simply because the document at issue is a sealed instrument or an instrument of conveyance of an interest in real property.

For the foregoing reasons, I respectfully dissent.